**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| BEACON NAVIGATION GMBH, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | C.A. No. 11-cv-00953-GMS |
| ) | C.A. No. 11-cv-00954-GMS |
| SUZUKI MOTOR CORPORATION AND ) | |
| AMERICAN SUZUKI MOTOR ) | |
| CORPORATION, ) | |
| ) | |
| *Defendants.* ) | |
| _____) | |

**SUZUKI DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY**
**THE PROCEEDINGS PENDING REEXAMINATION OF THE ASSERTED PATENTS**

*Of Counsel*
Karen Boyd
*boyd@turnerboyd.com*
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, California 94040
Telephone: (650) 521-5930

Stamatios Stamoulis (No. 4606)
*stamoulis@swdelaw.com*
Richard C. Weinblatt (No. 5080)
*weinblatt@swdelaw.com*
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Defendants*
*Suzuki Motor Corporation and American*
*Suzuki Motor Corporation*

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT...........................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1

III. STATEMENT OF FACTS ...................................................................................................3

    A. Reexamination of the '180 and '380 Patents .................................................................3

    B. Reexamination of the '111 Patent ..................................................................................4

    C. Reexamination of the '511 Patent ..............................................................…..4

    D. Reexamination of the '368 and '167 Patents ............................................…..4

IV. ARGUMENT .......................................................................................................... 5

    A. Factor One (Prejudice/Tactical Disadvantage) Favors a Stay Because: (1) Beacon is a Patent Holding Company and Does Not Compete With the Suzuki Defendants, and (2) Beacon Chose To Litigate Its Infringement Claims First In The ITC ............................... 7

    B. Factor Two (Simplification of the Issues) Favors a Stay Because: (1) the USPTO Has Ordered Reexamination of All 12 Claims Against the Suzuki Defendants, and (2) 10 of the Asserted 12 Claims Are Currently Rejected.............................................................. 8

    C. Factor Three (Stage of Litigation) Favors a Stay Because the Lawsuits Against the Suzuki Defendants Have Not Advanced Beyond the Pleading Stage………...................10

V. CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES CASES

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.,*
    06-514-GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ........................................ 9, 10

*Alloc, Inc. v. Unilin Decor N V,*
    03-253-GMS, 2003 WL 21640372 (D. Del. Jul. 11, 2003)............................................ 10

*ASCII Corp v. STD Entm't USA, Inc.,*
    844 F. Supp. 1378 (N.D. Cal. 1994) ............................................................................ 6, 7

*Cross Atl. Capital Partners., Inc. v. Facebook, Inc.,*
    07-2768, 2008 U.S. Dist. LEXIS 62869 (E.D. Pa. Aug. 18, 2008) …………………... 5, 7

*Eberle v. Harris,*
    03-5809 (SRC), 2005 U.S. Dist. LEXIS 31885 (D.N.J. Dec. 7, 2005) ………………… 6

*Enhanced Security Research, LLC v. Cisco Systems, Inc.,*
    09-571-JJF, 2010 WL 2573925 (D. Del. Jun. 25, 2010) ................................................. 7

*Ethicon, Inc. v. Quigg,*
    849 F.2d 1422 (Fed. Cir. 1988) .................................................................................. 5, 9

*Gioello Enter. Ltd. v. Mattel, Inc.,*
    99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) ............................................... 10

*Gould v. Control Laser Corp.,*
    705 F.2d 1340 (Fed. Cir. 1983), *cert. denied,* 464 U.S. 935 (1983) ................................. 5

*GPAC, Inc. v. D.W.W. Enterprises, Inc.,*
    144 F.R.D. 60 (D.N.J. 1992) ....................................................................................... 6, 7

*ICI Uniqema, Inc. v. Kobo Prods., Inc.,*
    06-2943 (JAP), 2009 U.S. Dist. LEXIS 108421 (D.N.J. Nov. 20, 2009) ..................... 6, 7

*In re Baxter Int'l, Inc.*
    678 F.3d 1357 (Fed. Cir. 2012) ....................................................................................... 9

*In re Constr. Equip. Co.,*
    665 F.3d 1254 (Fed. Cir. 2011) ....................................................................................... 9

*In re Cygnus Telecomm. Tech., LLC Patent Litig.,*
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) ....................................................................... 6, 7

*In re Laughlin Prods. Inc.,*
    265 F. Supp. 2d 525 (E.D. Pa. 2003) .............................................................................. 7

*In re Swanson,*
    540 F.3d 1368 (Fed. Cir. 2008) ....................................................................... 9

*In re Translogic Tech., Inc.,*
    504 F.3d 1249 (Fed. Cir. 2007) ....................................................................... 9

*Krippelz* v. *Ford Motor Co.,*
    667 F.3d 1261 (Fed. Cir. 2012) ....................................................................... 9

*Marine Polymer Techs.* v. *Hemcon, Inc.,*
    659 F.3d 1084 (Fed. Cir. 2011), *aff'd en banc,* 672 F.3d 1350 (Fed. Cir. 2012) .............. 9

*Mission Abstract Data L.L.C.* v. *Beasley Broadcast Grp, Inc.,*
    11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ............................................... 9

*N Spine, Inc.* v. *Globus Med. Inc.,*
    10-300 (D. Del. Jul. 14, 2011) ................................................................... 8, 9

*P&G* v. *Kraft Foods Global, Inc.,*
    549 F.3d 842 (Fed. Cir. 2008) ....................................................................... 5

*Pegasus Dev. Corp.* v. *DirecTV,*
    00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003) .................................... 7, 10

*Round Rock Research LLC* v. *Dole Food Co.,*
    11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022
    (D. Del. Apr. 6, 2012) .......................................................................... 7, 8, 9

*Sabert Corp.* v. *Waddington North Am., Inc.,*
    06-5423 (JAG), 2007 U.S. Dist. LEXIS 68092 (D.N.J. Sept. 14, 2007) ........................ 7

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.,*
    412 Fed. Appx. 270 (Fed. Cir. 2011) ................................................................ 9

*Translogic Tech., Inc.* v. *Hitachi, Ltd.,*
    250 Fed. Appx. 988 (Fed. Cir. Oct. 12, 2007) ..................................................... 9

*Vehicle IP, LLC* v. *Wal-Mart Stores, Inc.,*
    10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) ......................................... 7, 8

*Viskase Corp.* v. *Am. Nat'l Can Co.,*
    261 F.3d 1316 (Fed. Cir. 2001) ....................................................................... 6

*Wall Corp.* v. *Bonddesk Grp. L.L.C.,*  C.A. No. 07-844-GMS,
    2009 WL 528564 (D. Del. Feb. 24, 2009) ........................................................... 7

## I.     INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff Beacon Navigation GmbH ("Beacon") has filed two separate complaints in this Court against the two Suzuki defendants (Suzuki Motor Corporation ("SMC") and American Suzuki Motor Corporation ("ASMC") (together, "Suzuki"), in C.A. No. 11-cv-00953-GMS ("953 case") and C.A. No. 11-cv-00954-GMS ("954 case")).

These lawsuits are in their infancy and should be stayed in light of the fact that all of Beacon's asserted patents are undergoing reexamination in the U.S. Patent and Trademark Office ("USPTO").   In its complaints, Beacon asserts 12 claims in six patents against Suzuki.   The USPTO has ordered reexamination of all 12 claims in six reexamination proceedings and issued Office Actions rejecting 10 of the 12 claims.   Of these 10 rejected claims, six have been rejected in two separate Final Office Actions and one has been rejected in a second Office Action that closed prosecution.

As such, Suzuki requests a stay of the 953 and 954 cases because a stay does not unduly prejudice Beacon, but instead serves to simplify the issues for trial and conserve this Court's and the parties' resources.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On October 11, 2011, Beacon filed two separate complaints against Suzuki alleging infringement of U.S. Patent Nos. 5,862,511 ("the '511 patent"); 5,878,368 ("the '368 patent"); 6,029,111 ("the '111 patent"); 6,178,380 ("the '380 patent"); 6,360,167 ("the '167 patent"); and 6,374,180 ("the '180 patent").[1]   Beacon's complaints allege that Suzuki has been infringing claims 1 and 3 of the '511 patent; claims 1 and 15 of the '368 patent; claims 1 and 17 of the '111

---

[1] In addition to these lawsuits, Beacon has filed complaints in this Court asserting the same patents in more than 30 other complaints against different, unrelated automobile manufacturers. *See, e.g.,* Cases Nos. 1: 11-cv-921 and 1:11-cv-922 (Chrysler), 1:11-cv-923 and 1:11-cv-924 (Ford), 1:11-cv-925 and 1:11-cv-927 (GM).

patent; claims 1, 26, and 29 of the '380 patent; claims 1 and 32 of the '167 patent; and claim 1 of the '180 patent.[2]

On October 21, 2011, ten days after filing its complaints in this Court, Beacon filed a complaint in the International Trade Commission against Suzuki, as well as the other defendants in its lawsuits filed in this Court.  That complaint alleged infringement of the Beacon '180, '380, '111, and '511 patents that are being asserted against Suzuki in the 954 case pending in this Court.[3]

On December 16, 2011, Suzuki moved for a mandatory stay of the 954 case until completion of Beacon's ITC action.[4]  Suzuki also moved for discretionary stay in the 953 lawsuit in view of Beacon's ITC litigation.[5]  Following allegations that Beacon had violated ITC Rule 210.12(a)(9)(iii) (related to pre-suit investigation and disclosure obligations), Beacon moved to terminate the investigation, which the presiding administrative law judge granted on May 8, 2012.  *See* Declaration of Karen Boyd in support of Defendants' Motion to Stay the Proceedings Pending Reexamination of the Asserted Patents ("Boyd Decl."), Ex. 1.  On June 7, 2012, the Commission issued a notice of its determination not to review the administrative law judge's order.  The 954 case has been under the mandatory stay order issued by this Court until October 10, 2012, when the Court granted Beacon's Motion to Lift Stay.[6]  Suzuki filed its answer in the 954 case on October 31, 2012.

---

[2] Beacon is asserting the '167 and '368 patents in the 953 case and the '180, '380, '111, and '511 patents in the 954 case.
[3] *See* ITC Investigation No. 337-2850, Complaint.
[4] *See* 954 case, D.I. 13.
[5] *See* 953 case, D.I. 16.
[6] *See* 954 case, D.I. 19.

In the 953 lawsuit, Beacon has filed a motion to strike and dismiss certain affirmative defenses, and Suzuki has cross-moved for judgment on the pleadings.[7]  These motions are pending.

## III.     STATEMENT OF FACTS

In view of prior art presented by Volkswagen Group of America, Inc. ("VWGoA"), the USPTO has ordered the reexamination of all 12 claims that Beacon is asserting against the Suzuki defendants.

### A.     Reexamination of the '180 and '380 Patents (Requested December 13, 2011)

On December 13, 2011, VWGoA filed a request for *inter partes* reexamination of claim 1 of the '180 patent.  The USPTO ordered reexamination and issued an Office Action rejecting claim 1 as unpatentable on February 1, 2012.[8]  Beacon responded to the Office Action on April 2, 2012 and VWGoA replied to the USPTO Office Action and Beacon's response on May 2, 2012.  On May 17, 2012, the USPTO issued an Action Closing Prosecution that again rejected claim 1 of the '180 patent as unpatentable over the prior art.[9]  Beacon submitted a response to that Action on June 18, 2012.  Beacon has also submitted two information disclosure statements with its response identifying numerous prior art documents for the USPTO's consideration.  VWGoA filed a reply to the PTO Action Closing Prosecution and to Beacon's response on July 18, 2012.

Also on December 13, 2011, VWGoA filed a request for *ex parte* reexamination of claims 1, 26, and 29 of the '380 patent and the USPTO ordered reexamination on January 6, 2012.[10]  Although it had the option to do so, Beacon did not respond to the reexamination order

---

[7] *See* 953 case, D.I. 24, 25, 28, 29, 30 and 32.
[8] *See* Case Nos. 1:11-cv-00957-GMS ("957 case"), D.I. 55, Ex. 1.
[9] *See* 957 case, D.I. 55, Ex. 2.
[10] *See* 957 case, D.I. 55, Ex. 3.

within the time permitted.  On April 27, 2012 the patent examiner issued an Office Action rejecting the claims as unpatentable.[11]  Beacon submitted its response to the Office Action on June 27, 2012, along with an information disclosure statement identifying numerous prior art documents for the USPTO's consideration.  The USPTO issued a Final Rejection on July 30, 2012, again rejecting claims 1, 26, and 29 as unpatentable.  *See* Boyd Decl., Ex. 2.

### B.    Reexamination of the '111 Patent (Requested December 23, 2011)

VWGoA filed a request for *ex parte* reexamination of claims 1, 10, and 17 of the '111 patent on December 23, 2011 and reexamination was ordered by the USPTO on January 30, 2012.[12]  Although it had the option to do so, Beacon did not respond to the reexamination order and the USPTO issued an Office Action rejecting these claims as unpatentable on May 1, 2012.[13] Beacon submitted a response to the Office Action, and an information disclosure statement identifying prior art for the USPTO's consideration on July 2, 2012.  The USPTO issued a Final Rejection on August 28, 2012, again rejecting claims 1, 10, and 17 as unpatentable.  *See* Boyd Decl., Ex. 3.

### C.    Reexamination of the '511 Patent (Requested January 27, 2012)

On January 27, 2012, VWGoA filed a request for *ex parte* reexamination of claims 1 and 3 of the '511 patent, which the USPTO granted on March 6, 2012.[14]  A reexamination certificate was issued on September 25, 2012 confirming the validity of claims 1 and 3 over the references cited in the reexamination request.  These claims, however, are the only claims that the PTO has confirmed over the prior art references of record during reexamination.

---

[11] *See* 957 case, D.I. 55, Ex. 4.
[12] *See* 957 case, D.I. 55, Ex. 5.
[13] *See* 957 case, D.I. 55, Ex. 6.
[14] *See* 957 case, D.I. 55, Ex. 7.

### D.   Reexamination of the '368 and '167 Patents (Requested April 26, 2012)

On April 26, 2012, VWGoA filed a request for *ex parte* reexamination of claims 1 and 15 of the '368 patent.  The USPTO ordered reexamination on May 18, 2012.[15]  Although it had the option to do so, Beacon did not respond to the reexamination order within the time permitted. On August 8, 2012 the patent examiner issued an Office Action rejecting claims 1 and 15 as unpatentable.  *See* Boyd Decl., Ex. 4.  Beacon submitted its response to the Office Action on October 9, 2012, along with an information disclosure statement identifying numerous prior art documents for the USPTO's consideration.

Also on April 26, 2012, VWGoA filed a request for *ex parte* reexamination of claims 1 and 32 of the '167 patent, which the USPTO granted on June 2, 2012.[16]  On August 17, 2012, the patent examiner issued an Office Action rejecting claims 1 and 32 as unpatentable.  *See* Boyd Decl., Ex. 5.  Beacon submitted its response to the Office Action on October 17, 2012, along with an information disclosure statement identifying numerous prior art documents for the USPTO's consideration.

## IV.   ARGUMENT

In patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent."  *P&G v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008); see also Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied,* 464 U.S. 935 (1983); *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed. Cir. 1988).  "[O]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives reexamination proceedings)."  *Cross Atl.*

---

[15] *See* 957 case, D.I. 55, Ex. 9.
[16] *See* 957 case, D.I. 55, Ex. 11.

*Capital Partners., Inc.* v. *Facebook, Inc.,* Civil Action No. 07-2768, 2008 U.S. Dist. LEXIS 62869, at *2 (E.D. Pa. Aug. 18,2008); *see also Viskase Corp.* v. *Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001).  "[G]ranting a stay is favored" and is "particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination."  *Id.* at *2-3; *see also In re Cygnus Telecomm. Tech., LLC Patent Litig.,* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *ASCII Corp* v. *STD Entm't USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Indeed, "[c]ourts have enumerated many advantages with respect to staying a civil action pending PTO reexamination of a patent, which include: (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court." *ICI Uniqema, Inc.* v. *Kobo Prods., Inc.,* Civil Action No. 06-2943 (JAP), 2009 U.S. Dist. LEXIS 108421, at *3 (D.N.J. Nov. 20, 2009); *see also Eberle* v. *Harris,* Civil Action No. 03-5809 (SRC), 2005 U.S. Dist. LEXIS 31885, at *6 (D.N.J. Dec. 8, 2005); *GPAC, Inc.* v. *D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 63 (D.N.J. 1992).

In the Third Circuit, "district courts have listed the following factors to determine whether a stay is appropriate: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in

question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."[17]

Here, as demonstrated below, each of these factors weighs strongly in favor of staying the litigations pending before this Court until the Beacon patent reexamination proceedings are completed.

### A.    Factor One (Prejudice/Tactical Disadvantage) Favors a Stay Because: (1) Beacon is a Patent Holding Company and Does Not Compete With Suzuki, and (2) Beacon Chose To Litigate Its Infringement Claims First In The ITC

Any delay in resolving the pending litigations that may result from a stay is not, by itself, undue prejudice. *See Enhanced Security Res.,* 2010 WL 2573925, at *3; *Wall Corp.* v. *Bonddesk Grp. L.L.C,* C.A. No. 07-844-GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (Sleet, C.J.).

In this particular case, a stay of the cases against Suzuki at this stage will not unduly prejudice Beacon.  Beacon is a patent holding company that does not compete with Suzuki and cannot suffer a decline in market share or other financial harm amounting to undue prejudice if a stay is entered.  Therefore, monetary damages will be sufficient to compensate Beacon if it is successful in litigating its infringement claims after the PTO completes the reexamination proceedings.  *See Round Rock Research LLC* v. *Dole Food Co.,* Civil Action Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1-2 (D. Del. Apr. 6, 2012) (finding no prejudice where litigation was in early stages and patentee was not a competitor of the

---

[17] *Cross Atl.,* 2008 U.S. Dist. LEXIS 62869, at *3-4; *see also Vehicle IP, LLC* v. *Wal-Mart Stores, Inc.,* Civ. No. 10-503-SLR, 2010 WL 4823393, at *1 (D. Del. Nov. 22, 2010); *Enhanced Security Research, LLC* v. *Cisco Systems, Inc.,* C.A. No. 09-571-JJF, 2010 WL 2573925, at * 3 (D. Del. Jun. 25, 2010); *ICI Uniqema,* 2009 U.S. Dist. LEXIS 108421, at *4; *Sabert Corp.* v. *Waddington North Am., Inc.,* Civil Action No. 06-5423 (JAG), 2007 U.S. Dist. LEXIS 68092, at *18 (D.N.J. Sept. 14, 2007); *Cygnus,* 385 F. Supp. 2d at 1023; *Pegasus Dev. Corp.* v. *DirecTV,* No. Civ.A. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003) (Sleet, J.); *In re Laughlin Prods. Inc.,* 265 F. Supp. 2d 525, 530-31 (E.D. Pa., 2003); *ASCII, 844* F. Supp. at 1380; *GPAC,* 144 F.R.D. at 66.

defendants and sought only monetary damages); *N Spine, Inc.* v. *Globus Med. Inc.*, Civil No. 10-300, slip op. at 7, 11 (D. Del. Jul. 14, 2011); *Vehicle IP,* 2010 WL 4823393, at *2.

Nor will a stay create a tactical disadvantage for Beacon.  Here, the USPTO granted the reexamination requests that VWGoA made promptly after Beacon initiated litigation.  Moreover, after Beacon filed its complaints in this Court, it chose to assert its claims first in the International Trade Commission instead of prosecuting its lawsuits here.  Consequently, this Court stayed one of Beacon's lawsuits against Suzuki, and the remaining litigation (in which Suzuki filed a discretionary stay motion) has not yet advanced beyond the pleading stage.  Under these circumstances, Beacon will not and cannot credibly claim to be at a tactical disadvantage if the Court stays these cases until the USPTO completes the reexamination of its patents.  *See Round Rock Research,* 2012 WL 1185022, at *2; *N Spine, Inc.,* Civil No. 10-300, slip op. at 7.

**B.     Factor Two (Simplification of the Issues) Favors a Stay Because: (1) the USPTO Has Ordered Reexamination of All 12 Claims Against Suzuki, and (2) 10 of the Asserted 12 Claims Are Currently Rejected**

Staying Beacon's lawsuits against Suzuki will simplify the claim construction, invalidity, and noninfringement issues that the parties and the Court must address and, therefore, will reduce the cost of litigating these disputes.

As an initial matter, the USPTO is not very likely to confirm the claims that Beacon asserts in the form they were originally granted. [18]  This is particularly unlikely where, as here, 10 of the asserted 12 claims currently stand rejected, including six that have been rejected in two separate **Final Office Actions** and one rejected in a second Office Action that closed prosecution.

---

[18] 89% of *inter partes* reexaminations result in the cancellation or amendment of the claims of the patent reexamined, and 77% of *ex parte* reexaminations result in the cancellation or amendment of the claims of the patent reexamined. *See* 957 case, D.I. 55, Exs. 14, 15.

If the USPTO invalidates and cancels the asserted claims, the reexamination proceedings will moot the cases against Suzuki.[19]  Even if the asserted claims survive the reexaminations, changes to the claims, and arguments relating to patentability that Beacon makes during the reexaminations will affect the scope of the surviving claims and this Court's interpretation of the claims.  Indeed, if these cases were not stayed, new claim terms may need consideration at the end of the reexaminations, discovery may need to be retaken and the case could essentially start anew.[20]

Moreover, the USPTO has ordered reexamination of all 12 claims that Beacon asserts against Suzuki in view of prior art that was never considered during the original prosecution of Beacon's patents.  The Court's burden will therefore be greatly reduced by the USPTO's validity determination of the asserted claims.  Validity is, of course, a fundamental issue and defense in

---

[19] *See Mission Abstract Data L.L. C. v. Beasley Broadcast Grp, Inc.,* Civ. No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011) ("If all or some of the asserted claims are ultimately cancelled, this litigation would be simplified, or potentially even mooted."); *N Spine,* Civil No. 10-300, slip op. at 10 ("A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue.") (internal citations omitted); *Abbott Diabetes Care, Inc.* v. *Dexcom, Inc.,* C.A. No. 06-514-GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (Sleet, C.J.) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) .... "); *see also In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1363-66 (Fed. Cir. 2012) (affirming PTO's rejection of patent claims even after claims found valid in litigation); *In re Constr. Equip. Co.,* 665 F.3d 1254, 1255-57 (Fed. Cir. 2011) (same); *In re Swanson,* 540 F.3d 1368 (Fed. Cir. 2008); *In re Translogic Tech., Inc.,* 504 F.3d 1249 (Fed. Cir.  2007); *Translogic Tech., Inc.* v. *Hitachi, Ltd.,* 250 Fed. Appx. 988 (Fed. Cir. 2007) (affirming PTO's rejection of claims in reexamination and vacating district court judgment awarding damages and an injunction); *Ethicon,* 849 F.2d at 1427-29.

[20] *See, e.g., Krippelz* v. *Ford Motor Co.,* 667 F.3d 1261, 1266 (Fed. Cir. 2012); *Marine Polymer Techs.* v. *Hemcon, Inc.,* 659 F.3d 1084, 1091-92 (Fed. Cir. 2011), *aff'd en banc,* 672 F.3d 1350 (Fed. Cir. 2012)("[A]rguments made to the PTO on reexamination can create an estoppel or disavowal and thereby change the scope of claims even when the language of the claims did not change."); *St. Clair Intellectual Prop. Consultants, Inc.* v. *Canon Inc.,* 412 Fed. Appx. 270, 275-76 (Fed. Cir. 2011) ("Reexamination statements are relevant prosecution history when interpreting claims.") (internal citation omitted); *Round Rock Research,* 2012 WL 1185022, at *1 ("[T]he law of probabilities makes it almost certain that some of the claims will be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction."); *Mission Abstract Data,* 2011 WL 5523315, at *2 ("Moreover, the possibility of such modifications raises the prospect of the parties and the Court investing substantial resources litigating-including especially through the claim construction process-patent claims that will look quite different after the reexaminations.").

almost every patent action and it is no exception here.  The USPTO has extensive experience in determining patentability and is an efficient forum for determining this issue in the first instance. *See Alloc, Inc.* v. *Unilin Decor N V,* No. Civ.A. 03-253-0MS, 2003 WL 21640372, at *2 (D. Del. Jul. 11, 2003) (Sleet, J.) ("For example, the court will gain the benefit of the PTO's particular expertise in evaluating the prior art. ") (citing *Pegasus Development Corp,* 2003 WL 21105073, at *2); *Abbott Diabetes Care,* 2007 WL 2892707, at *5 ("One purpose of the reexamination procedure is ... to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).") (quoting *Gould,* 705 F.2d at 1342).

However, if the litigations proceed, the Court and the parties may needlessly spend their time and resources addressing claim construction, invalidity, and noninfringement issues that the USPTO may ultimately render moot or inapplicable. *See Gioello Enter. Ltd.* v. *Mattel, Inc.,* No. C.A. 99-375 OMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001) (Sleet, 1.) ("[I]f the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims.  Thus, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.") (internal citations omitted).

A stay may also result in other efficiencies, including eliminating discovery issues and encouraging settlement without Court involvement. *See Pegasus Development,* 2003 WL 21105073, at *2.  In addition, a stay may prevent inconsistent rulings between the Court and the USPTO. *See, e.g., Gioello Enter.,* 2001 WL 125340, at * 1 (recognizing that a Court decision on summary judgment issues issued before the PTO's final decision could be rendered moot).

**C.**   **Factor Three (Stage of Litigation) Favors a Stay Because the Lawsuits Against Suzuki Have Not Advanced Beyond the Pleading Stage**

The current status of 953 and 954 cases also weighs heavily in favor of a stay. As explained above, until recently, one of the lawsuits has been subject to this Court's mandatory stay order, and no responsive pleadings have yet been filed.  For both cases, no case management conferences have occurred; discovery has not been taken; no case schedule has been ordered, and no trial or *Markman* claim construction dates have been set.

Beacon has admitted that, for the purposes of a stay based on these reexamination proceedings, the cases against similarly-situated defendants Volkswagen and Audi are in the early stages and, as such, cannot now dispute that the cases against Suzuki are also in their early stages.

**V.**   **CONCLUSION**

For the foregoing reasons, Suzuki respectfully requests that the Court stay the 953 and 954 cases pending the outcome of the reexaminations of Beacon's patents by the USPTO. Suzuki also respectfully requests that the Court resolve this motion to stay prior to scheduling a pretrial conference or authorizing the parties to commence discovery.


Dated:  November 2, 2012

|  |  |
|---|---|
| | /s/ Stamatios Stamoulis |
| *Of Counsel* | Stamatios Stamoulis (No. 4606) |
| Karen Boyd | *stamoulis@swdelaw.com* |
| *boyd@turnerboyd.com* | Richard C. Weinblatt (No. 5080) |
| TURNER BOYD LLP | *weinblatt@swdelaw.com* |
| 2570 W. El Camino Real | STAMOULIS & WEINBLATT LLC |
| Suite 380 | Two Fox Point Centre |
| Mountain View, California 94040 | 6 Denny Road, Suite 307 |
| Telephone: (650) 521-5930 | Wilmington, DE 19809 |
| | Telephone: (302) 999-1540 |

*Attorneys for Defendants
Suzuki Motor Corporation and American
Suzuki Motor Corporation*